IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
3:42 pm, Sep 16, 2013
SUE BEITIA, CLERK

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) ) ) | Civ. No. 12-00478 BMK |
| Plaintiff, | ) ) | ORDER GRANTING PLAINTIFF'S BILL OF COSTS |
| vs. | ) ) | |
| HO`OLEHUA HOUSING, LP, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S BILL OF COSTS

   Before the Court is Plaintiff U.S. Bank National Association's Bill of Costs (Doc. 61).  After careful consideration of the Bill of Costs and the opposing memoranda, the Court GRANTS the Bill of Costs and awards Plaintiff $1,103.18 in costs.

   On July 30, 2013, this Court granted summary judgment in favor of Plaintiff and Judgment was entered against Defendant.  On August 13, Plaintiff filed its Bill of Costs, seeking recovery for the following costs:

| | |
|---|---|
| Photocopying | $592.20 (2,961 pages at $0.20/page) |
| Postage | $3.75 |
| Sheriff's Fee | $85.00 |
| Long Distance Calls | $4.23 |
| Filing Fee | $418.00 |
| **TOTAL** | **$1,103.18** |

Bill of Costs at 2.  Defendant filed an Objection to the Bill of Costs, raising two issues to the Court.

First, Defendant argues that Plaintiff failed to meet and confer in a good faith effort to resolve any disputes about the costs.  (Opp. at 2.)  Defendant acknowledges that "Plaintiff's counsel attempted to contact Randall K. Schmitt, Esq. to discuss these costs[; h]owever, Plaintiff's counsel does not indicate why he did not attempt to contact all counsel of record for Ho`olehua Housing either by phone or e-mail."  (Id.)

Local Rule 54.2(c) states that a bill of costs shall "contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs."  Plaintiff's counsel's declaration attached to the Bill of Costs states that, "On more than one occasion, I called opposing, Randall Schmitt, Esq., in an attempt to confer regarding US Bank's motion for attorneys' fees and bill of costs in a good faith effort to resolve any additional disputes regarding the same."  (Yoshida Decl'n ¶ 8.)  Additionally, Plaintiff's Statement of Consultation notes that Plaintiff's counsel made several more attempts to contact defense counsel and was finally able to confer with Matthew T. Evans and Jordon K. Kimura on August 26, 2013, at which time no agreement was reached as to costs or fees.  In light of Plaintiff's attempts to contact defense counsel and given that

2

counsel did confer on the issue of fees and costs, the Court is satisfied that Plaintiff met the requirements of Local Rule 54.2(c).

Second, Defendant challenges Plaintiff's copying costs as excessive. Local Rule 54.2(f)(4) states: "The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable." Plaintiff seeks costs for 2,961 pages at $0.20 per page, at a total cost of $592.20. (Bill of Costs at 2.) Exhibit 1 attached to the Bill of Costs shows that Plaintiff incurred $592.20 in actual costs for photocopying. The Court finds that copying costs at $0.20 per page is reasonable. Therefore, the Court grants Plaintiff's request for $592.20 in photocopying costs.

Defendant raises no other objections to Plaintiff's Bill of Costs. Accordingly, the Court GRANTS the Bill of Costs and awards Plaintiff $1,103.18 in costs.

DATED: Honolulu, Hawaii, September 16, 2013.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: September 16, 2013

U.S. Bank Nat'l Assoc. v. Ho`olehua Housing, LP, Civ. No. 12-00478 BMK; ORDER GRANTING PLAINTIFF'S BILL OF COSTS.